BRANCART & BRANCART
  Christopher Brancart (CBN 128475)
  cbrancart@brancart.com
  Liza Cristol-Deman (CBN 190516)
  lcristoldeman@brancart.com
Post Office Box 686
Pescadero, CA  94060
Tel:    (650) 879-0141
Fax:    (650) 879-1103

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARSHENE COATES and PROJECT SENTINEL, a California Not-for-profit Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> ANIL SINGH and ROSELYN SINGH, Individually and Doing Business as Singh's Rental, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR MONETARY, DECLARATORY, AND INJUNCTIVE RELIEF; DEMAND FOR TRIAL BY JURY** |

1.      Plaintiff Starshene Coates, a female tenant, brings this action against her landlords for discrimination and harassment on the basis of sex in violation of the federal Fair Housing Act and related state laws.  She is joined by Project Sentinel, a local non-profit organization that has been injured by the defendants' discriminatory housing practices.

## I. JURISDICTION AND VENUE

2.      Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 in that the claims alleged herein arise under the laws of the United States.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine plaintiff's state law claims because those claims are related to plaintiff's federal law claim and arise out of a common nucleus of related facts.  Plaintiff's federal and state law claims form part of the same case or controversy under Article III of the United States Constitution.

3.     Venue is proper under 28 U.S.C. § 1391 in that the claims alleged herein arose within Stanislaus County, California.

## II.  PARTIES

4.     Plaintiff Starshene Coates resides in Modesto, California in a residence she rents from defendant Roselyn Singh.  The residence is located at 1530 Nadine Avenue in Modesto, hereafter referred to as "the Nadine Avenue unit."  The Nadine Avenue unit is located in a complex that contains six rental units.  The Nadine Avenue unit is a "dwelling" within the meaning of the federal Fair Housing Act (FHA), 42 U.S.C. § 3602(b), and a "housing accommodation" within the meaning of the California Fair Employment and Housing Act (FEHA), Government Code § 12927(d). During her tenancy, Ms. Coates has been sexually harassed by defendant Anil Singh.  Accordingly, plaintiff is an aggrieved person within the meaning of the FHA, 42 U.S.C. § 3602(i), and the California FEHA, Government Code § 12927(g).

5.     Plaintiff Project Sentinel is a nonprofit corporation with a mission of fostering diversity and equal opportunity in housing through education and enforcement of state and federal fair housing laws.  It has offices in numerous locations in Northern California, including an office in Modesto.  It is headquartered in Santa Clara, California.  It provides fair housing services, among other things, throughout Stanislaus County.  One of its specific purposes and goals is the elimination of all forms of illegal housing discrimination.  To this end, Project Sentinel's activities include, but are not limited to: (1)  investigating allegations of discrimination; (2) counseling complainants about their fair housing rights and responsibilities; (3) taking such steps as it deems necessary to assure such equal opportunity and to counteract and eliminate discriminatory housing practices; and, (4) providing outreach and education to the community regarding fair housing.

6.     Defendant Roselyn Singh owns the Nadine Avenue unit and the other five rental units located in the complex.  Accordingly, defendant Roselyn Singh is an "owner" of a housing accommodation within the meaning of Government Code § 12927(e).  Defendant Roselyn Singh and her husband, Anil Singh, sometimes use the fictitious business name of "Singh's Rentals" in

connection with the rental residences that Mrs. Singh owns and operates.

7.      Defendant Anil Singh is the husband of defendant Roselyn Singh.  Defendant Anil Singh frequently visits the rental properties owned by his wife, Roselyn Singh, in order to collect rent, conduct maintenance and repairs, and engage in other activities related to operation and management of the rental properties.  Defendant Roselyn Singh has delegated these duties, among others, to her husband, Anil Singh.

8.      During the commission of the unlawful practices alleged in this action, each defendant was an  "owner" of the Nadine Avenue units, a definition covering owners, operators, managers and their agents, pursuant to Government Code sections 12927 and 12955.

9.      Each and every Defendant is and was, in doing the things complained of herein, the agent of its co-Defendants herein and was acting within the scope of said agency and/or representation, and each and every Defendant herein is jointly and severally responsible and liable to plaintiffs for the damages hereinafter alleged.

10.      In committing each of the discriminatory or unlawful acts alleged in this complaint, defendant Anil Singh was acting in the course and scope of his duties operating and maintaining the Nadine Avenue units.  As the owner of the property, Roselyn Singh is vicariously liable for the unlawful conduct of Anil Singh.

### III.  FACTS

### A.  Introduction

11.      Defendants, acting through defendant Anil Singh, have injured plaintiffs by committing the following discriminatory housing practices:

a.      Imposing different terms, conditions, or privileges, or denying or limiting services or facilities in connection with the rental of a dwelling because of sex;

b.      Threatening, intimidating, or interfering in the use or  enjoyment of a dwelling because of sex;

c.      Making statements indicating a limitation, preference, or discrimination in the rental of a dwelling based on sex;

d.      Making a dwelling otherwise unavailable because of sex;

e.      Engaging in unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature such that submission to the conduct, either explicitly or implicitly, was made a term or condition relating to the rental of a dwelling or the provision of benefits or services in connection therewith;

f.      Engaging in unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature such that the conduct had the effect of creating an environment which a reasonable woman would consider intimidating, hostile, offensive, or otherwise making the tenancy significantly less desirable, in connection with the rental of a dwelling or the provision of benefits or services in connection therewith;

g.      Harassing plaintiff Starshene Coates in connection with the rental of a housing accommodation; and,

h.      Threatening, intimidating, or interfering with a female tenant in her enjoyment of a dwellings because of sex.

12.     In the alternative, Mrs. Singh was negligent in the execution of her duties as the owner of the Nadine Avenue unit.

**B.  Starshene Coates**

13.     In or around late November 2013, Plaintiff Starshene Coates and her young son were staying in a motel while seeking a rental unit to live in.  On or around November 28, 2013, Ms. Coates found a rental listing on craigslist.org for a two-bedroom unit on Nadine Avenue that was within her budget.  On the same date, she called the number listed and spoke with Mr. Singh. Mr. Singh indicated that he was in charge of the rental and agreed to show her the unit.

14.     On or around November 29, 2013, Ms. Coates visited the Nadine Avenue unit. Mr. Singh showed the unit to Ms. Coates.  Mr. Singh stated that the unit still needed renovation and was not yet ready for tenancy.  Mr. Singh asked Ms. Coates where she was staying.  Ms. Coates replied that she was staying at a motel called the Microtel Inn and needed to rent a unit as soon as possible.

4

15.     Mr. Singh stated that Ms. Coates could stay in another property while she was waiting for the Nadine Avenue unit to be prepared for tenancy.  He offered to take her to the other property, and she agreed.  She got into Mr. Singh's vehicle.  Instead of taking her to a rental unit, Mr. Singh drove her to the California Inn in Modesto.  He stated that he was staying there, and that Ms. Coates could move into a room next door to his room.  He stated that he could help her get a discounted rate.

16.     Mr. Singh then asked Ms. Coates, "do you have a man?", or words to that effect.  Ms. Coates explained that she had separated from her son's father, but that he sometimes stayed with them.  She asked Mr. Singh to take her back to her car, which was parked at the Nadine Avenue unit.

17.     On or around the same date, November 29, 2013, Ms. Coates completed the rental application that Mr. Singh had provided and returned it to Mr. Singh.

18.     On or around November 30, 2013, Mrs. Singh called Ms. Coates on the phone and stated that she had been approved for tenancy in the Nadine Avenue unit .  Mrs. Singh told Ms. Coates to come by the Nadine Avenue unit  to sign the rental agreement on December 1, 2013.

19.     On or around December 1, 2013, Defendant Roselyn Singh and Ms. Coates met at the Nadine Avenue unit.  Ms. Coates paid Mrs. Singh the monthly rent of $800 and a deposit of $300.  Ms. Coates and Mrs. Singh both signed a rental agreement.  Mrs. Singh is identified as the "owner" and "landlord" in the rental agreement.

20.     On or around the same date, December 1, 2013, after Ms. Coates had already met with Mrs. Singh and signed the rental agreement, Mr. Singh called Ms. Coates.  Mr. Singh asked Ms. Coates if he could come to her hotel to have her sign some "paperwork," or words to that effect.  Ms. Coates stated that she had already signed the rental agreement with Mrs. Singh, and did not wish to come to Mr. Singh's hotel.  Mr. Singh stated this was "different paperwork," or words to that effect.  He asked Ms. Coates if she would come to his hotel to sign the paperwork.  Ms. Coates declined, stating that she wanted to speak with Mrs. Singh instead.

21.     Ms. Coates and her minor son moved into the Nadine Avenue unit on or around December 4, 2013.

22.     Approximately one month after Ms. Coates moved into the Nadine Avenue unit, the father of Ms. Coates' young son, Mark Anthony "Marcus" Naylor, moved into the unit. Both of the defendants indicated that they approved of his tenancy in the rental unit. Mr. Singh requested that Mr. Naylor assist with repairs and maintenance around the rental units.  Mr. Naylor agreed to assist Mr. Singh with repairs and maintenance.

23.     On or about February 18, 2014, Mr. Singh called Ms. Coates on the phone and invited her to his house in Monterey County.  He stated that he would pick her up and take her back to his house for a barbeque.  He told her to get a baby-sitter for her son.  Ms. Coates reacted with surprise to this personal invitation.  Mr. Singh said, "relax.  I'll entertain you," or words to that effect.  Ms. Coates felt very uncomfortable and stated that she was not interested.

24.     On or about March 28, 2014, Mr. Singh called Ms. Coates on her phone.  He asked Mrs. Singh if she could come and help him jump-start his truck.  Ms. Coates agreed, and asked Mr. Singh where he was.  He replied that he was at the Howard Johnson Inn on Herndon Road in Ceres.

25.     Shortly after receiving the call from Mr. Singh, Ms. Coates drove her car to the Howard Johnson Inn with her minor son and her son's father, Mr. Naylor.  They located Mr. Singh with his truck.  Mr. Singh seemed surprised to see all of them together.  He stated that his truck was working and no longer needed a jump-start.

26.     On or about March 29, 2014, Ms. Coates and Mr. Naylor had a verbal argument inside their unit at the Nadine Avenue Units. Ms. Coates observed Mr. Naylor take her car keys and hide them somewhere in the garage.  She believed that Mr. Naylor had hidden her car keys in an open ceiling tile. Ms. Coates called Mr. Singh and asked him if he had a ladder she could borrow so she could search for her keys behind the loose ceiling tile.  Mr. Singh agreed and brought a ladder into Ms. Coates' garage.

27.     Ms. Coates used the ladder to look behind the open ceiling tile but did not locate her keys there. She then looked further and found them in another location inside the garage.  Mr. Singh then slapped Ms. Coates on her bottom.  When she turned around in shock, Mr. Singh stated, "don't worry about Marcus," or words to that effect. Mr. Singh then grabbed Ms. Coates

1  and tried to pull her close to him, acting as if he wanted to hug and kiss her.  She pulled away

2  from him and asked him to leave immediately.

3       28.    On March 29, 2014, after the incident with Mr. Singh, Ms. Coates called the

4  Ceres Police Department to report that he had touched her inappropriately. The police department

5  told Ms. Coates that an officer would come by to take a report.  No one came.

6       29.    On or about April 1, 2014, Ms. Coates called the Ceres Police Department again.

7  An office from the Ceres Police Department arrived shortly thereafter.  Ms. Coates told the

8  officer about the most recent incident of harassment by Mr. Singh, when he touched her bottom.

9       30.    Several days later, Ms. Coates attempted to call Mrs. Singh in order to inform her

10  of Mr. Singh's conduct.  Mrs. Singh did not return her call.

11       31.    On or around April 19, 2014, Ms. Coates saw Mrs. Singh at the Nadine Avenue

12  units.  Ms. Coates told Mrs. Singh that Mr. Singh had touched her inappropriately, and that she

13  had filed a police report.  Mrs. Singh requested to see the police report.

14       32.    Sometime thereafter, Mrs. Singh offered to pay Ms. Coates money or provide free

15  rent if Ms. Coates would promise not to file a complaint against Mr. Singh concerning the sexual

16  harassment.

17       33.    On September 8, 2014, Ms. Coates received a three-day notice to pay rent or quit

18  from Landlords Eviction Service, on behalf of Roselyn Singh, requiring her to pay the sum of

19  $60.00.  On the same date, Ms. Coates received a thirty-day notice to quit the premises that did

20  not cite any reason for the termination of her tenancy.  Ms. Coates also received a notice

21  requesting $35.00 in late charges and $40.00 in fees for service of process.

22       34.    As of September 8, 2014, at the time that Ms. Coates received the notices, Ms.

23  Coates did not owe Mrs. Singh any money.

24       35.    On or about September 9, 2014, Ms. Coates contacted Project Sentinel to

25  complain about the Singhs' discriminatory conduct, including but not limited to the retaliatory

26  move-out notices that she had received.

27       36.    On or around September 12, 2014, Mark A. Galvan of the Stanislaus County

28  Mediation Center mailed a letter to Roselyn Singh offering free assistance in resolving the rental

dispute between plaintiff and defendants.  Mrs. Singh responded that she was not interested in resolving the dispute through mediation.

37.   On or about September 26, 2014, Ms. Coates filed an application for issuance of a restraining order against Mr. Singh.  The Superior Court of California, Stanislaus County, issued the restraining order on or about October 21, 2014.

38.   Defendant Roselyn Singh has also filed an unlawful detainer action against Ms. Coates and her co-residents.  That action is pending in the Superior Court for the State of California, County of Stanislaus.

**C.  Project Sentinel's Investigation**

39.   Plaintiff Starshene Coates contacted Project Sentinel by phone on September 9, 2014, to complain about sexual harassment and retaliation by her landlord, Anil Singh.  Over the ensuing days and weeks, Project Sentinel staff members spent many hours counseling Ms. Coates regarding her legal rights and responsibilities, and collecting information and documentation as part of their investigation into Ms. Coates' allegations.

40.   On or around September 15, 2014, a Project Sentinel staff member interviewed witnesses who resided in the Nadine Avenue units.  The witnesses stated that Mr. Singh threatened them with adverse action, including but not limited to eviction, if they continued to speak to Ms. Coates.  Project Sentinel also conducted interviews with other witnesses as part of their investigation.

41.   To counteract the effects of defendants' discriminatory acts on their mission, on October 14, 2014, Project Sentinel mailed fair housing brochures to all of the rental dwellings owned and operated by the defendants to advise the current tenants of their fair housing rights. On October 15, 2014, Project Sentinel mailed letters and three different fair housing brochures to several social service providers in Modesto.

**D.  Injuries**

42.   As a result of defendants' unlawful conduct, Ms. Coates has suffered emotional distress, including humiliation, embarrassment, mental anguish and attendant bodily injury, violation of her civil rights, and loss of dignity.  Ms. Coates also has suffered an invasion to her

8

1  private right of occupancy, depriving her of the full use and enjoyment of her tenancy, and

2  wrongful eviction.  Accordingly, she is entitled to compensatory damages.

3        43.    Defendants' discriminatory actions: (1) impaired and frustrated Project Sentinel's

4  mission of eliminating discriminatory housing practices by requiring it to devote resources on

5  programs and activities to counteract defendants' discriminatory housing practices; and, (2)

6  forced Project Sentinel to divert its scarce resources away from other activities and programs it

7  would have undertaken such as counseling, educational and training programs, and outreach, in

8  order to identify and counteract the defendants' unlawful housing practices.

9        44.    In committing the unlawful acts alleged in this complaint, defendants acted with

10 reckless disregard of plaintiffs' federally protected rights.  Accordingly, plaintiffs are entitled to

11 punitive damages.

12       45.    There now exists an actual controversy between plaintiffs and defendants

13 regarding defendants' duties under the federal and state fair housing laws.  Accordingly,

14 plaintiffs are entitled to declaratory relief.

15       46.    Unless enjoined, defendants will continue to engage in the discriminatory housing

16 practices alleged in this complaint.  Plaintiffs have no adequate remedy at law.  Plaintiffs are now

17 suffering and will continue to suffer irreparable injury from defendants' acts and the pattern or

18 practice of discrimination unless relief is provided by this Court.  Accordingly, plaintiffs are

19 entitled to injunctive relief under federal and state law.

20                              **IV.  CLAIMS**

21                           **A.  First Claim**

22                           **[Fair Housing Act]**

23                   ***[All Plaintiffs vs. All Defendants]***

24       47.    Plaintiffs reallege and incorporate by reference each paragraph previously alleged

25 in this complaint.

26       48.    Defendants injured plaintiffs by committing discriminatory housing practices in

27 violation of the federal Fair Housing Act, 42 U.S.C. § 3601, *et seq*.

28                           **B.  Second Claim**

**[California Fair Employment and Housing Act]**

***[All Plaintiffs vs. All Defendants]***

49.     Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

50.     Defendants injured plaintiffs by committing discriminatory housing practices in violation of the California Fair Employment and Housing Act, California Government Code §§ 12927, 12955, *et seq.*

**C.  Third Claim**

**[California Unruh Civil Rights Act]**

***[Plaintiff Starshene Coates v. All Defendants]***

51.     Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

52.     Defendants injured plaintiff Starshene Coates by committing unlawful practices in violation of the Unruh Civil Rights Act, California Civil Code §§ 51- 52 by discriminating against women in the operation of a rental dwelling, a business establishment.

53.     Under this claim, plaintiff Starshene Coates is entitled to statutory damages and penalties, in addition to compensatory and punitive damages.

**D.  Fourth Claim**

**[California Bane Act]**

***[Plaintiff Starshene Coates v. All Defendants]***

54.     Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

55.     Defendants injured plaintiff Starshene Coates by using threats, intimidation or coercion, with the intent or effect of interfering with plaintiff's exercise of her rights secured by federal and state laws, including but not limited to the Fair Housing Act and Fair Employment and Housing Act, in violation of the Bane Act, California Civil Code § 52.1.

56.     Under this claim, plaintiff Starshene Coates is entitled to statutory damages and penalties, in addition to compensatory and punitive damages.

10

**E.  Fifth Claim**

**[California Ralph Act]**

***[Plaintiff Starshene Coates v. All Defendants]***

57.     Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

58.     Defendants injured plaintiff Starshene Coates by engaging in intimidation against her person or property because of sex in violation of the Ralph Act, California Civil Code § 51.7.

59.     Under this claim, plaintiff Starshene Coates is entitled to statutory damages and penalties, in addition to compensatory and punitive damages.

**F.  Sixth Claim**

**[California Civil Code § 51.9]**

***[Plaintiff Starshene Coates v. All Defendants]***

60.     Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

61.     Defendants injured plaintiff Starshene Coates by engaging in sexual harassment in violation of the Ralph Act, California Civil Code § 51.9.

62.     Under this claim, plaintiff Starshene Coates is entitled to statutory damages and penalties, in addition to compensatory and punitive damages.

**G.  Seventh Claim**

**[Negligence]**

***[All Plaintiffs vs. All Defendants]***

63.     Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

64.     Defendants injured plaintiffs by want of ordinary care or skill, in the management of their property, person, or agents in violation of California Civil Code § 1714.

**H.  Eighth Claim**

**[Covenant of Quiet Use and Enjoyment]**

***[Plaintiff Starshene Coates v. All Defendants]***

11

65.    Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

66.    Defendants injured plaintiff Starshene Coates by invading her private right of occupancy and infringing upon her right to the quiet and private use, enjoyment, and possession of her dwelling in violation of Civil Code §§ 1927 and 1940.2.

**I. <u>Ninth Claim</u>**

**[Wrongful Eviction**]

***[Plaintiff Starshene Coates v. All Defendants]***

67.    Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

68.    Defendants injured plaintiff Starshene Coates by seeking to wrongfully evicting her from her dwelling in violation of California Code of Civil Procedure §§ 1159 and 1160.

**J. <u>Tenth Claim</u>**

**[Invasion of Privacy]**

***[Plaintiff Starshene Coates v. All Defendants]***

69.    Plaintiffs reallege and incorporate by reference each paragraph previously alleged in this complaint.

70.    Defendants injured the plaintiff Starshene Coates by invading her right to privacy, as protected under Civil Code §§ 43, 1708 and 3333, and the California Constitution, Art. I, § 1.

**VI.  <u>RELIEF</u>**

Therefore, plaintiffs pray for entry of a judgment against defendants that:

1.    Awards compensatory and punitive damages according to proof;

2.    Awards statutory damages and civil penalties pursuant to the Unruh Civil Rights Act, Bane Act, Ralph Act, and California Civil Code;

3.    Declares that defendants have violated the provisions of the applicable federal and state fair housing laws;

4.    Enjoins all unlawful practices alleged in this complaint and imposes affirmative injunctive relief requiring defendants, their partners, agents, employees, assignees, and all

1    persons acting in concert or participating with them, to take affirmative action to provide equal

2    opportunities to persons regardless of their sex;

3         5.    Awards costs of this action, including reasonable attorneys' fees; and,

4         6.    Awards all such other relief as the Court deems just.

5    **VII.   JURY DEMAND**

6         Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs hereby demand

7    trial by jury.

8         Dated:  December 1, 2014.

9

10       Respectfully submitted,

11       BRANCART & BRANCART

12       */s/ Liza Cristol-Deman*

13       Attorneys for Plaintiffs
         lcristoldeman@brancart.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13