UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STARSHENE COATES AND PROJECT SENTINEL, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ANIL SINGH AND ROSELYN SINGH, <br><br> Defendants. | 1:14-cv-1910-LJO-SKO <br><br> **MEMORANDUM DECISION AND ORDER RE DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT (Doc. 35)** |

### I. PRELIMINARY STATEMENT TO PARTIES AND COUNSEL

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Boxer to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout the nation to serve as

visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from inside or outside the Eastern District of California.

## II. INTRODUCTION

Plaintiff Starshene Coates ("Plaintiff[1]") rented a property from Defendant Roselyn Singh ("Mrs. Singh"), who owns the property. Mrs. Singh brought a successful unlawful detainer suit against Plaintiff. Plaintiff brought this case against Mrs. Singh and her husband, Defendant Anil Singh ("Mr. Singh") (collectively, "Defendants"), alleging various housing and civil rights violations under federal and state law. Defendants move for judgment on the pleadings or, in the alternative, for summary judgment on the ground that Plaintiff's suit is barred by Mrs. Singh's unlawful detainer suit under the doctrines of res judicata and collateral estoppel.

The Court took the matter under submission on the papers. Doc. 44. For the following reasons, the Court GRANTS IN PART and DENIES IN PART Defendants' motion.

## III. FACTUAL AND PROCEDURAL BACKGROUND[2]

In late November 2013, Plaintiff contacted Mr. Singh regarding a unit for rent. Doc. 1, Complaint ("Compl."), at ¶¶ 13-14. Mr. Singh showed Plaintiff the property and she immediately signed a rental agreement, which listed Mrs. Singh as the unit's owner and landlord. *Id.* at ¶¶ 15, 19. Plaintiff moved into the unit on December 4, 2013. *Id.* at ¶ 21.

In February 2014, Mr. Singh asked Plaintiff to join him at his house in Monterey County. *Id.* at ¶ 23. This made Plaintiff feel "very uncomfortable," so she told him she was "not interested." *Id.* In March, Mr. Singh called Plaintiff and asked her to come help him jump-start his car, which was at a hotel. *Id.* at ¶ 24. When she arrived with her son and her son's father, Mark Naylor ("Mr. Naylor"), Mr. Singh "seemed surprised" and no longer needed a jump-start. *Id.* at ¶ 25.

---

[1] The Court recognizes that Project Sentinel joins Plaintiff in bringing this suit. For purposes of this motion, however, the Court need only to refer to Plaintiff Coates.

[2] The Court discusses only the aspects of the record that are necessary to rule on Defendants' motion.

2

The next day, Plaintiff asked Mr. Singh to bring over a ladder. *Id.* at ¶ 26. He did so, and while there, he "slapped [Plaintiff] on her bottom," said something to the effect of "don't worry about [Mr. Naylor]," and "then grabbed [Plaintiff] and tried to pull her close to him, acting as if he wanted to hug and kiss her." *Id.* at ¶ 27. Plaintiff pulled away and asked Mr. Singh to leave, which he did. *Id.* at ¶ 27.

Later that day, Plaintiff called the Ceres Police Department to report that Mr. Singh "had touched her inappropriately." *Id.* at ¶ 28. The police department told Plaintiff they would send an officer to take a report; however, no officer came. *Id.* A couple of days later, Plaintiff again called the Ceres Police Department to report the incident. *Id.* at ¶ 29. An officer came to meet with Plaintiff, who told the officer about the incident with Mr. Singh. *Id.*

In mid-April, Plaintiff saw Mrs. Singh. *Id.* at ¶ 30. Plaintiff told Mrs. Singh that "Mr. Singh had touched her inappropriately, and that she had filed a police report," which Mrs. Singh requested to see. *Id.* at ¶ 31.

In September, Plaintiff received a three-day notice to pay rent or quit from Mrs. Singh. *Id.* at ¶ 33. She also received a 30-day notice to quit the premises that did not cite any reason for the termination of her tenancy. *Id.* at ¶ 33. At the time, Plaintiff did not owe Mrs. Singh any money. *Id.* at ¶ 34.

In early September, Plaintiff contacted Plaintiff Project Sentinel, a "fair housing agency," seeking help for her problems with the Singhs. In late September, Plaintiff filed for a restraining order against the Singhs. *Id.* at ¶¶ 37, 39; *see also* Doc. 37-4 at 172, 181. On October 8, 2014, counsel for Plaintiff sent a letter to the Singhs concerning their investigation of Plaintiff's claims of sexual harassment and housing discrimination against the Singhs. Doc. 37-4 at 169.

On October 15, 2014, Mrs. Singh filed an unlawful detainer action against Plaintiff. A couple of weeks later, Plaintiff was granted a restraining order against Mr. Singh only. *Id.* at ¶ 37; *see also* Doc. 37-4 at 193.

Mrs. Singh's unlawful detainer action contains a single cause of action for unlawful detainer under California Code of Civil Procedure § 1161a. *See* Doc. 37-4 at 250-52. In response, Plaintiff filed a

3

standardized answer form to the complaint, which provides a list of ten affirmative defenses. *See id.* at 154. Plaintiff checked the box next to three: (1) "Plaintiff [*i.e.*, Mrs. Singh] waived, changed, or canceled the notice to quit"; (2) "Plaintiff served defendant [*i.e.*, Coates] with the notice to quit or filed with complaint to retaliate against defendant"; and (3) "By serving defendant with the notice to quit or filing the complaint, plaintiff is arbitrarily discriminating against defendant in violation of the Constitution or the laws of the United States or California." *Id.* Plaintiff explained her belief that Mrs. Singh filed the unlawful detainer action to retaliate against her for (1) seeking legal counsel for Mr. Singh's perceived sexual harassment; (2) seeking a restraining order against the Singhs; and (3) making habitability complaints to Pacific Gas & Electric ("PG&E") and Ceres Code Enforcement. *Id.* at 156.

As to her first affirmative defense, Plaintiff described the incident with Mr. Singh when he touched Plaintiff's buttocks and attempted to hug and kiss her. *Id.* Plaintiff stated that she told Mrs. Singh about the incident, who allegedly began harassing Plaintiff, leading Plaintiff to seek a restraining order against her. *Id.* Plaintiff asserted that she believed that Mrs. Singh served the three- and 30-day notices on Plaintiff to harass her and to retaliate against her and that, after learning that Plaintiff had sought legal counsel, Mrs. Singh filed the unlawful detainer action to further retaliate against her. *Id.* at 164. In support of her second affirmative defense, Plaintiff asserted that Mrs. Singh filed the unlawful detainer action to retaliate against Plaintiff for filing the restraining order. *Id.* Plaintiff's third affirmative defense generally asserts that she report several "habitability issues" to Mrs. Singh, and Mrs. Singh either refused to correct them or refused to reimburse Plaintiff for doing so herself. *Id.* at 203. Plaintiff reported some of the issues to Ceres Code Enforcement. *Id.* Plaintiff claims that Mrs. Singh filed the unlawful detainer action against Plaintiff in retaliation for Plaintiff's complaints about the habitability issues. *Id.*

The state court held a bench trial on the case. *See id.* at 62. At trial, Plaintiff, appearing *pro se*, "presented evidence of claimed sexual harassment by [Mrs. Singh's] husband in March 2014." *Id.* Among other things, the court found that Plaintiff "did not meet her burden of proof with respect to her

affirmative defenses." *Id.* at 63. The court further found in favor of Mrs. Singh, and ordered termination of Plaintiff's tenancy and that she pay damages. *Id.*

While Mrs. Singh's unlawful detainer action was pending, Plaintiff filed this suit. *See* Doc. 1. Plaintiff alleges ten causes of action against the Singhs for violation of:

1. the Fair Housing Act, 42 U.S.C. §§ 3601 et seq.;
2. the Fair Employment and Housing Act, Cal. Gov't Code §§ 12927, 12955, et seq.;
3. the Unruh Civil Rights Act, Cal. Civ. Code §§ 51-52;
4. the Bane Act, Cal. Civ. Code § 52.1;
5. the Ralph Act, Cal. Civ. Code § 51.7;
6. California Civil Code § 51.9;
7. California Civil Code § 1714 (negligence);
8. the covenant of quiet use and enjoyment, California Civil Code §§ 1927 and 1940.2;
9. California Civil Code §§ 1159-60 (wrongful eviction); and
10. her right to privacy (Cal. Civ. Code §§ 43, 1708, 3333; Cal. Const., Art. I, § 1).

Compl. at 9-12.

Defendants move for judgment on the pleadings, arguing that all of Plaintiff's claims are barred by the state court's judgment in Mrs. Singh's unlawful detainer action, either by the doctrine of res judicata or collateral estoppel. *See* Doc. 36 at 6. Defendants alternatively move for summary judgment on the claims on the same grounds. *See id.* Plaintiff asserts she is not precluded from bringing any of her claims for a number of reasons, including that the unlawful detainer action does not have preclusive effect here because the causes of action at issue in the unlawful detainer action and in this case are not the same. *See* Doc. 41 at 19.

## IV. STANDARD OF DECISION

**A.     Judgment on the Pleadings.**

Federal Rule of Civil Procedure 12(c) permits a party to seek judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." "A motion for judgment on the pleadings should be granted where it appears the moving party is entitled to judgment as a matter of law." *Geraci v. Homestreet Bank*, 347 F.3d 749, 751 (9th Cir. 2003). A "judgment on the pleadings is appropriate when, even if all allegations in the complaint are true, the moving party is entitled to judgment as a matter of law." *Westlands Water Dist. v. Firebaugh Canal*, 10 F.3d 667, 670 (9th Cir.1993).

"A judgment on the pleadings is a decision on the merits." *3550 Stevens Creek Assocs. v. Barclays Bank of California,* 915 F.2d 1355, 1356 (9th Cir.1990). A Fed. R. Civ. P. 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Herbert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam). "[T]he central issue is whether, in light most favorable to the plaintiff, the complaint states a valid claim for relief." *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417,420 (5th Cir.2001). "[A]ll allegations of fact of the opposing party are accepted as true." *Austad v. United States*, 386 F.2d 147, 149 (9th Cir.1967). Thus, a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is "functionally identical" to a motion to dismiss under Rule 12(b)(6). *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

Like a Rule 12(b)(6) motion to dismiss, a Rule 12(c) motion challenges the legal sufficiency of an opposing party's pleadings. "When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and quotations omitted). "While a complaint . . . does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitations of the elements of a cause of action will not do." *Id.* at 1964.

**B.   Summary Judgment.**

Summary judgment is appropriate when the pleadings, disclosure materials, discovery, and any affidavits provided establish that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that may affect the outcome of the case under the applicable law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine "if the evidence is such that a reasonable trier of fact could return a verdict

6

in favor of the nonmoving party." *Id.*

The party seeking summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). The exact nature of this responsibility, however, varies depending on whether the issue on which summary judgment is sought is one in which the movant or the nonmoving party carries the ultimate burden of proof. *See Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Cecala v. Newman*, 532 F. Supp. 2d 1118, 1132 (D. Ariz. 2007). If the movant will have the burden of proof at trial, it must demonstrate, with affirmative evidence, that "no reasonable trier of fact could find other than for the moving party." *Soremekun*, 509 F.3d at 984. In contrast, if the nonmoving party will have the burden of proof at trial, "the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case." *Id.* (citing *Celotex*, 477 U.S. at 323).

If the movant satisfies its initial burden, the nonmoving party must go beyond the allegations in its pleadings to "show a genuine issue of material fact by presenting *affirmative evidence* from which a jury could find in [its] favor." *FTC v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009) (emphasis in original). "[B]ald assertions or a mere scintilla of evidence" will not suffice in this regard. *Id.* at 929; *see also Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) ("When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.") (citation omitted). "Where the record as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

In resolving a summary judgment motion, "the court does not make credibility determinations or

weigh conflicting evidence." *Soremekun*, 509 F.3d at 984. That remains the province of the jury or fact finder. *See Anderson*, 477 U.S. at 255. Instead, "[t]he evidence of the [nonmoving party] is to be believed, and all justifiable inferences are to be drawn in [its] favor." *Id.* Inferences, however, are not drawn out of the air; the nonmoving party must produce a factual predicate from which the inference may reasonably be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987).

## V. ANALYSIS

### A.  Res Judicata and Collateral Estoppel.

The state court's judgment in the unlawful detain action is entitled to "full faith and credit," *see* 28 U.S.C. § 1728, which requires this Court to give it the same preclusive effect it would have in another California state court. The Court applies California law to determine whether that judgment precludes Plaintiff's claims. *See Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985); *Diruzza v. Cnty. of Tehama*, 323 F.3d 1147, 1152 (9th Cir. 2003).

*Res judicata* "precludes parties or their privies from relitigating a cause of action that has been finally determined by a court of competent jurisdiction." *Rice v. Crow*, 81 Cal. App. 4th 725, 734 (2000). Under California law, *res judicata* applies where

> the party to be affected, or some other with whom he is in privity, has litigated, or had an opportunity to litigate the same matter in a former action in a court of competent jurisdiction, and should not be permitted to litigate it again to the harassment and vexation of his opponent.

*Citizens for Open Access to Sand & Tide, Inc. v. Seadrift Ass'n*, 60 Cal. App. 4th 1053, 1065 (1998). The elements necessary to establish *res judicata* therefore are: "(1) the decision in the prior proceeding is final and on the merits; (2) the present proceeding is on the same cause of action as the prior proceeding; and (3) the parties in the present proceeding or parties in privity with them were parties to the prior proceeding." *Villacres v. ABM Indus., Inc.*, 189 Cal. App. 4th 562, 577 (2010).

Under California law, collateral estoppel, otherwise known as issue preclusion, provides "that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot

again be litigated between the same parties in any future lawsuit." *People v. Santamaria*, 8 Cal.4th 903, 930 (1994). As the California Supreme Court has explained, five factors must be satisfied for collateral estoppel to apply:

> First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

*Lucido v. Superior Court*, 51 Cal.3d 335, 341 (1990) (citations omitted). Further,

> the public policies underlying collateral estoppel—preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation—strongly influence whether its application in a particular circumstance would be fair to the parties and constitute sound judicial policy.

*Id.* at 343.

**B.    Plaintiff's Wrongful Eviction Claim Is Barred, But Her Remaining Claims Are Not.**

Plaintiff's wrongful eviction claim alleges that "Defendants injured [Plaintiff] by seeking to wrongfully evict[] her from her dwelling in violation of California Code of Civil Procedure §§ 1159 and 1160." Compl. at ¶ 68. The claim provides no other specific allegations.

The only issue presented to and resolved by the state court in the unlawful detainer action was whether Mrs. Singh's eviction proceedings, which includes her giving Plaintiff the three- and 30-day notices and bringing the unlawful detainer claim under California Code of Civil Procedure § 1160a, were valid and lawful. After conducting a bench trial, the court concluded that they were, and ordered Plaintiff evicted from the property.

Plaintiff does not and cannot dispute that the state court's judgment is final and on the merits. As such, the issue of whether Plaintiff's eviction was unlawful or wrongful has been decided with finality. The state court's judgment is entitled to full faith and credit from this Court. Accordingly, Plaintiff is barred from asserting any claim that is premised on her assertion that Mrs. Singh's evicting her was unlawful. The Court GRANTS Defendants' motion for judgment on Plaintiff's wrongful eviction claim

because it is barred by collateral estoppel.

Plaintiff's remaining claims, however, are not barred by the unlawful detainer action judgment. "[A] judgment in unlawful detainer usually has very limited res judicata effective." *Vella v. Hudgins*, 20 Cal.3d 251, 255 (1977). In general, "litigation of an affirmative defense [in an unlawful detainer action] . . . will result in a judgment conclusive upon issues material *to that defense*." *Id.* at 256-57 (emphasis added). Plaintiff's affirmative defenses in the unlawful detainer proceedings were limited only to whether Mrs. Singh brought the eviction proceedings to retaliate against Plaintiff for: (1) her complaints against the Singhs; (2) her seeking legal counsel for Mr. Singh's alleged sexual harassment; and (3) her seeking restraining orders against the Singhs. Although her claims in this case are at times based on facts relevant to her affirmative defenses (namely, Mr. Singh's alleged sexual harassment), the state court did <u>not</u> make findings or rulings on whether the Singhs' conduct was unlawful beyond finding that Mrs. Singh did not attempt to evict Plaintiff for illegal reasons. *See* Doc. 36 at 23 (Defendants stating the court "found the eviction was proper and the facts were insufficient to demonstrate an illegal motive"). The state court did not find that the Singhs acted lawfully in all of their interactions with Plaintiff; its findings were limited <u>only</u> to whether Mrs. Singh's eviction proceedings were lawful and thus whether Plaintiff should be evicted.

As explained above, the Court therefore agrees with Defendants that any cause of action premised on Plaintiff's assertion that the eviction was unlawful (*i.e.*, that Mrs. Singh brought the eviction proceedings to retaliate against Plaintiff) is barred. *See id.* But, with the exception of Plaintiff's wrongful eviction claim, her claims are not based on that assertion. Those claims concern Plaintiff's position that the Singhs' conduct was unlawful for reasons distinct from her belief that Mrs. Singh's unlawful detainer action was retaliatory. As such, they are not barred by the state court's judgment in that action. Accordingly, the Court DENIES Defendants' motion for judgment on the pleadings on Plaintiff's remaining claims.

## VI. CONCLUSION AND ORDER

For the foregoing reasons, the Court GRANTS Defendants' motion for judgment on the pleadings as to Plaintiff's ninth cause of action for wrongful eviction, but DENIES the motion in all other respects.

IT IS SO ORDERED.

Dated:   **January 11, 2016**        /s/ Lawrence J. O'Neill
                                     UNITED STATES DISTRICT JUDGE